CALVIN STARRETT, *Appellant from decree of Judge of Probate, versus* ALMOND JAMESON.

If the guardian, in the settlement of his account, omit an entire item which he ought to have credited to the ward, that settlement will not protect him from liability, in his next settlement, to account for such item.

A guardian is accountable for interest moneys due on notes to his ward, whether he collect them, or whether they be lost by his neglect.

A guardian is not entitled to any compensation for services, if he neglect to settle a guardianship account once in every three years, unless prevented by sickness or unavoidable accident, although he was never cited to make such a settlement.

APPEAL, from a decree of the judge of probate, allowing the account of the defendant against his ward.

The defendant was appointed guardian of Daniel O. Daggett, in 1837; and the inventory, consisting of notes on interest, was duly filed in the probate court, and sworn to by the defendant, November 8, 1837. At a probate court held May 10, 1842, the defendant settled his first account, and charged himself with the amount of the personal estate as per inventory, at $353,65, being the exact value on November 8, 1837.

The plaintiff being afterwards appointed guardian of the said Daniel O. Daggett, the defendant settled his second and final account in the probate court, on the ninth day of May, 1848, in which he charged himself with the balance on settlement, May 10, 1842, $260,09, and $40, for interest collected on notes which were delivered to the plaintiff. There was no claim in his account for any loss on any of the notes, or for not receiving the whole amount of all the notes not delivered over to plaintiff as his successor. The defendant in his account also claimed $19, for his services, which was allowed. From the decree allowing this last account the plaintiff appealed.

*Bulfinch*, for appellant.

The plaintiff complains that the allowance for the services of the defendant was not authorized by law. R. S. chap. 110, § 28.

The defendant should be charged with the interest accruing upon the demands in his hands, and if he collected them it was

his duty to invest the money, and if he did not, the law makes him accountable for interest. A much larger sum than was charged for interest was received. That it was not brought into the first account, cannot defeat the rights of the ward.

*M. H. Smith* and *Kennedy*, for defendant.

Jameson's first account was settled in 1842, and was not appealed from, and Starrett cannot have that examined on an appeal from the judge's decree, on settlement of second account, which was settled in 1848.

Starrett objects to the allowance of the $19 for personal services, because, as he states, Jameson neglected to settle his account within three years.

To this Jameson says, that this forfeiture did not attach to him, because he has never been cited to render his account. See *Bailey* v. *Rogers*, 1 Greenl. 187, being same case which is cited in margin of R. S. chap. 110, § 28.

TENNEY, J.— This is an appeal from a decree of the judge of probate, taken, as the documents in the case show, by Calvin Starrett, as guardian of Daniel O. Daggett, a minor under the age of twenty-one years, against the former guardian of the same ward.

An appeal from any order, sentence, decree or denial of a judge of probate may be taken by any person aggrieved thereby. R. S. chap. 105, sect. 25. The ward was aggrieved by the decree in this case, if it was more unfavorable to him, than the law would justify. The ward being a minor at the time of the decree is presumed incapable of taking the appeal; if taken in his behalf, it must be done by the agency of his guardian, who was qualified at the time; and the matter may be regarded as properly before this Court.

The respondent was appointed guardian of Daniel O. Daggett, in the year 1837, and it appears from the inventory duly filed by him on Nov. 8, 1837, that the ward's property consisted of notes of hand bearing interest. On a settlement made with the judge of probate, on May 10, 1842, he charged himself with the amount of the personal estate, as by

the inventory, at the sum of $353,65, being precisely the amount or value of the notes on Nov. 8, 1837, without any account of interest thereon. He made no other settlement till May 9, 1848, when he charged himself with the balance found against him at the former settlement, and the sum of $40,00, for interest collected on notes, which were delivered to the appellant as the new guardian. There were no claims made in the last settlement on account of any losses on the notes, and there was nothing showing, that the respondent had not collected the whole amount of the notes, received by him on his appointment, and which notes were not delivered to the appellant, when he succeeded to the trust. The respondent was allowed by the judge of probate, in his last settlement a sum as compensation for his services as guardian to the time when he ceased to be such.

The reasons for the appeal are substantially, that the judge allowed the former guardian to settle his account, without charging himself with a sufficient amount of interest on the notes belonging to his ward's estate, from the time of his appointment, till the time that he ceased to be guardian, and the last settlement ; and because he was allowed for his services as guardian, when he was not entitled to any compensation therefor.

Trustees are bound in the execution of their fiduciary duties, to exercise the same care over the property of the *cestuis que trust*, that prudent and discreet men ordinarily exercise over their own property. They cannot appropriate to themselves any benefits which may arise from the trust property. If the estate of the wards are not already safely and properly invested, it becomes the duty of guardians, to make such changes as their ability and common prudence would dictate. If the estate consists at all in securities upon interest, it is their duty to see that the interest is promptly collected, or so invested as to be the most beneficial to the owner. If he is careless in the investment, or negligent in securing the profits, he must bear the loss and not throw it upon the ward. " If he neglects to put the ward's money at interest, but negligently

suffers it to lie idle,or mingles it with his own, the Court will charge him with simple interest, and in cases of gross negligence, with compound interest." 2 Kent's Com. 188.

It is contended by the respondent, that it was not competent for the judge of probate to open the first account on the settlement of the second, and go into a consideration of the question of interest, which accrued anterior to the first settlement and decree. So far as the matter was before the judge of probate in the first account, and passed upon, no appeal having been claimed, it cannot now be re-examined. But if the guardian omitted to charge himself with what was actually in his hands, or what he was required by law to account for, the decree upon that settlement was not a judgment which could cancel such claims of the ward, and the omissions be *res adjudicata;* they would be still a subject for examination and a decree, nothwithstanding they were matters, which should have been brought into the former settlement. This was the view taken by the Court in *Saxton* v. *Chamberlain*, 6 Pick. 423, and in *Boynton* v. *Dyer*, 18 Pick. 1 ; and the reasoning of those cases upon this point is satisfactory.

We have a right to presume, (from the facts, that the respondent had notes of hand, drawing interest, from the legal duties arising from the trust, and that there is nothing in his accounts showing any loss, or that such an item in the accounts was presented,) either that he had in his hands a sum received as interest, with which he had not charged himself, or that he had neglected essentially his duty. In either event he would be liable.

By the Revised Statutes, c. 110, § 27, a guardian is required to render and settle his account with the judge of probate, at least once in three years, and as much oftener as the judge may cite him for that purpose. By the 28th section of the same chapter, a neglect of this duty shall cause a forfeiture of all allowance for his personal service, unless it appears to the judge that the omission arose from sickness or unavoidable accident. This is a provision, which was first made in the statutes of 1830, c. 470, § 10. The decision

therefore in the case of *Bailey, Judge,* v. *Rogers & al,* invoked for the respondent, is inapplicable, being a construction of a statute previously enacted.

The decree of the judge of probate is reversed so far as it regards the interest on the notes belonging to the ward, and the allowance for the personal services of the former guardian. The parties having agreed, that the computation, if any should be necessary under the decision upon the law of the case, shall be made by an auditor, the action will stand for further proceedings.