## JORDAN *vs.* THE STATE OF GEORGIA.

1. That an indictment names the defendant, but afterwards, in charging the offense, leaves a blank instead of renaming her, is not good in arrest.

2. That an indictment for keeping a lewd house does not allege that it was kept for purposes of fornication by the owner, or any one else, is not good in arrest.

3. When the defendant, before arraignment, pleaded misnomer, in that she had been indicted as " Lizzie Jordan," when her name was Eliza A. Jordan and she was known by no other, it was error to strike such plea.

Criminal law.   Indictment.   Before Judge HALL.   Spalding Superior Court.   February Adjourned Term, 1878.

To the report contained in the decision, it is only necessary to add that defendant moved in arrest of judgment on the following grounds:

"Because the indictment upon which said verdict was founded is so defective that an issue could not be made upon it, in failing to allege that the house was kept for the practice of fornication and adultery by herself, or by others, or by any one; and because said indictment does not charge that said offense was committed in the county of Spalding, or in any other county." (The indictment, in the usual form, ends thus: "For that the said ———, in the county aforesaid, on the 10th day of July, in the year of our Lord eighteen hundred and seventy-seven with force and arms, did keep a lewd house, for the practice of adultery and fornication, contrary," etc.)

Thos. W. Thurman, by A. M. Speer, for plaintiff in error, cited: (on indictment,) Code, §4628.

F. D. Dismuke, solicitor general, by James S. Boynton, for the state, cited: on indictment, Code, §§4628, 4586; 53 *Ga.*, 241; 36 *Ib.*, 447. On plea, 58 *Ga.*, 170. On evidence, 53 *Ga.*, 241.

Warner, Chief Justice.

The defendant was indicted for the offense of "keeping and maintaining a lewd house," and on her trial therefor was found guilty. A motion was made in arrest of judgment for alleged defects in the indictment, and also a motion was made for a new trial, on the grounds therein stated, both of which motions were overruled, and the defendant excepted.

1, 2. If the objections to the indictment would have been good on a special demurrer thereto, they were not good in arrest of judgment, and there was no error in overruling that motion.

3. It appears from the record and bill of exceptions that the defendant, before arraignment, filed her plea of mis-

nomer, in which she alleged that she had been indicted by the name of Lizzie Jordan; that her name was not Lizzie Jordan, but her name was Eliza A. Jordan, and that ever since her intermarriage with Zachariah Jordan, she had never been known or called by any other name. One of the grounds of error alleged in the motion for a new trial is the overruling and striking the defendant's plea of misnomer. In our judgment the defendant had the legal right to be heard on her plea of misnomer, and the court erred in striking it.

Let the judgment of the court below be reversed.