## PRICE vs. THE STATE OF GEORGIA.

1. That an indictment or accusation names the defendant, but afterwards in charging the offence leaves a blank instead of re-naming him, should be taken advantage of by special demurrer ; otherwise it will not be a ground for new trial after verdict.
2. When a defendant in a criminal case before the city court of Atlanta elects to be tried by the court, a judgment of guilty is a sufficient foundation for a sentence, without the verdict of a jury.
3. On a trial for vagrancy the evidence showing that for two years the defendant had been able to work, but had not worked, and that he had no property to support him, a judgment of guilty was sufficiently upheld thereby.

Criminal Law. Indictment. Practice in City Court. Verdict. Before Judge CLARK. City Court of Atlanta. March Term, 1881.

Reported in the decision.

THOMAS W. THURMAN, by brief, for plaintiff in error.

W. D. ELLIS, solicitor city court, by brief, for the state.

CRAWFORD, Justice.

The plaintiff in error was charged with vagrancy, found guilty, and moved for a new trial which was refused, and he excepted.

The first ground in his motion is based upon the allegation, that there is no charge in the affidavit, nor accusation upon which to find a verdict or judgment of guilty of vagrancy, the same failing to charge that he had no property with which to support himself.

The defect relied upon arises from the omission to re-name the defendant by the use of the pronoun himself, and again in not re-stating his name where each should have occurred. The affidavit and accusation, however, both allege that Joe Price, the defendant, was guilty of the offense of vagrancy, and charged " that the said Joe Price * * * * did wander and stroll about in idleness, be·ing able to work and having no property to support——," leaving out the word himself. In another and subse-quent part of the affidavit the name itself was not repeat-ed where it is usual to repeat it.

These defects were demurrable and do not extend to the real merits of the offence charged in the affidavit and accusation.

" That an indictment names the defendant but after-wards, in charging the offense, leaves a blank instead of re-naming her, is not good in arrest."

Objections to the indictment or accusation which would have been good on special demurrer, should be taken be-fore verdict. There was no error in overruling this ground. 60 *Ga.*, 656.

The second and third grounds are stricken by movant's attorney.

2. The fourth is that the judge had no jurisdiction to pass judgment on the defendant, there being no verdict of guilty.

The record shows that, "the prisoner, Joe Price, having elected to be tried by the court, is adjudged guilty." This we think is sufficient to authorize the judgment of the court signed up as it is, "Richard H. Clark, Judge C. C. A."

3. The fifth ground is because the judgment is contrary to law and evidence, contrary to the weight of evidence, and without evidence to support it. The evidence un-contradicted even by defendant's statement is, that he has no property to support him; that he is able to work; that he has been watched for about two years and has

never done any work; and that he has lived about Atlanta that length of time.

. He falls under the the second class of vagrants, who are defined to be "persons leading an idle life, who have no property to support them, and who are able to work and who do not work."

Judgment affirmed.