## LESTER, administrator, *vs.* CLOUD, trustee.

A declaration setting out a demand for $183.33, based on a promissory note, could not be the basis of a judgment for $366.66, although defendants confessed judgment for the latter amount.    In a claim case arising under a judgment so rendered, the *fi. fa.* was properly rejected from evidence.

SPEER, Justice.

## YATES *vs.* THE STATE OF GEORGIA.

An indictment which charged that on a certain day, in a certain county, the defendant did, "unlawfully and with force and arms," " privately take and carry away, with intent then and there to steal the same," certain specified property, was sufficient, though the taking was not in terms declared to be wrongful and fraudulent.    Code, §4629.

(*a.*) Especially was such omission not good as a ground of a motion in arrest of judgment.   60 *Ga.,* 656, 430, 464.

CRAWFORD, Justice.

## PERRY *vs.* THE  MAYOR, ETC., OF COCHRAN.

The chancellor did not abuse his discretion in refusing an injunction in this case.

JACKSON, Chief Justice.

## STAFFORD & BLALOCK *vs.* MATTHEWS *et al* ; PHIILIPS *vs.* THE STATE OF GEORGIA ; WILLIAMS *vs.* THE STATE OF GEORGIA.

The verdict in each of these cases was supported by the evidence.

## KIDD *vs.* MORTON, trustee, *et al.*; STRANGE, administratrix, *vs.* SMITH.

There was no abuse of discretion in granting a new trial in each of these cases.