*(Criminal Court of Cook County.)*

## People of the State of Illinois

### vs.

## Maud Lyons and Edward Lyons.

### ·(1884.) ·

CRIMINAL LAW—RIGHT TO WAIVE JURY TRIAL. Where a defendant in a criminal case voluntarily waived his right to a trial by jury and requested the court to hear all questions of law and fact without the intervention of a jury, which waiver was duly entered of record, and the cause was thereupon tried by the court and the defendant found guilty, the waiver is binding on the defendant, and the judgment of the court cannot be set aside.

Motion to vacate judgment.   Heard before Judge Williamson.

*Thompson & Felsenthal*, attorneys for defendants.

WILLIAMSON, J.:—

At the April term, defendants were brought into court for trial, upon a plea of not guilty, to an indictment for obtaining money by means of a confidence game.   The case was called for trial and a jury had been ordered into the box, when said defendants in person and by George Sparling, their attorney (selected and employed by themselves), voluntarily and without solicitation, appeared before the bar of the court, and expressly waived their right of trial by a jury, and requested me as the presiding judge of said court, to hear and determine all the questions of law and of fact on the trial of said cause without the intervention of a jury, which

waiver was duly entered of record, and thereupon the cause was tried by me, as such judge, and after the evidence and arguments of counsel had been heard, the defendants were found guilty.

No motion for a new trial being interposed by said defendants, or either of them (their said attorney being still present in court), and after their statement to the court that they had nothing further to urge why sentence should not be pronounced upon said finding, they were then and there duly sentenced to imprisonment in the penitentiary for three and five years respectively.

At the May term of this court, the said defendants again appear, and by Henry Wendell Thompson, their attorney, move the court to vacate said finding and judgment, upon the ground that the same are null and void, for the reason that the waiver of their right to a trial by a jury was not in law binding upon them, and, therefore, conferred no jurisdiction upon the court to try said cause. The question thus presented is, could these defendants, under the circumstances above recited, legally waive their constitutional right to a trial by jury?

The precise question has never been passed upon by our supreme court, and the decisions of other courts of last resort, bearing upon the question, are far from harmonious.

It is an important question, for the reason, that under the practice in this court for some time past, by most if not all the judges holding the same, scores of persons have been sentenced to the penitentiary upon such findings, and scores of others have been in the same way found not guilty and set at liberty, all of which is decidedly wrong unless the proceedings in this case are sanctioned by law.

To hold that such method of trying a cause is proper and legal in the case of a person who is poor and friendless, and therefore obliged to submit to the same and then in a similar case where the defendant has means or friends with which to help himself to hold the contrary, would be, in my opinion, infamous.

The law should bear equally upon all, and if this method

of trying causes is unlawful, it should be abandoned at once and in all cases.

In the case at bar it can not be doubted or denied that this court had jurisdiction of the subject-matter and the persons of the defendants (the only question being did the judge proceed legally in the trial of said cause) and therefore the following cases cited by defendants' counsel, to-wit: *Foley v. People,* Beecher's Breese, 57; *Peak v. People,* 71 Ill. 278; *Shissler v. People,* 93 Ill. 472; *Beesman v. City of Peoria,* 16 Ill. 484; *People v. Maynard,* 14 Ill. 419 and *Ginn v. Rogers,* 4 Gilman. 131, are not in point.

The case of *Hill v. People,* 16 Mich. 351, relied upon by defendants' counsel, where one of the jurors before whom the trial was had, was not a citizen of the United States, which was held to be a fatal error by said court is not important, as our own supreme court has held exactly the contrary in *Chase v. People,* 40 Ill. 352, where defendant was on trial for murder.

The following decisions of courts of last resort, cited by defendants' counsel, to-wit: *State v. Maine,* 27 Conn. 281; *State v. Lockwood,* 43 Wis. 403; *People v. O'Neil.* 48 Cal. 257; *Cancemi v. People,* 18 N. Y. 128; *State v. Mansfield,* 41 Mo. 470, and possibly some others, support the views taken by the defendants' counsel, but it is worthy of note that in two of said cases, *State v. Lockwood* and *People v. O'Neil,* the attorney representing the people in each case confessed that such a practice was not sanctioned by law, leaving no contest before said courts, and in *State v. Maine* and *Cancemi v. People,* no authorities are cited in support of said decisions; and in *State v. Mansfield,* it seems the Missouri code provides that in cases of misdemeanors defendant may waive a jury and be tried by the court, and it is argued that this provision evidently denies the right of such waiver in cases of felony.

The following cases, several of which are of recent date, decide more or less directly against the position taken by counsel for defendants, to-wit: *State v. Kaufman,* 51 Iowa, 578; *State v. Polson,* 29 Iowa, 133; *People v. Rathbun,* 21 Wendell, 509; *Price v. State,* 67 Ga. 723; *Commonwealth v.*

*Dailey,* 12 Cush. 80; *Murphy v. Commonwealth,* 1 Met. (Ky.) 365; *Tyra v. Commonwealth,* 2 Met. (Ky.) 1; *People v. Murray,* Criminal Law Magazine, March, 1884, page 223, the last case, decided by Judge Cooley of the Michigan supreme court in December, 1883,[1] wherein defendant waived his constitutional right to be confronted with witnesses and allowed depositions to be read in evidence which practice was sanctioned by the learned judge, and in deciding which he uses this language: ''I shall always be ready to preserve in its integrity every constitutional right; but I do not understand that the constitution is an instrument to play fast and loose with in criminal cases any more than any other, or that it is the business of courts to be astute in the discovery of technical difficulties in the punishment of parties for their criminal conduct,''—is a strong case in favor of defendants' rights to waive constitutional provisions in their favor, but without reviewing in detail all the cases cited and examined, it is sufficient to say that the weight of said authorities seems to be against the position taken by defendants' counsel.

The decision of this motion, however, does not depend entirely upon the cases heretofore cited, for while our supreme court has not passed upon the precise question under consideration, it has passed upon questions very similar, in such a manner as to leave no doubt in my mind that it will not only sustain the agreement of these defendants to waive their constitutional right to a trial by jury as a matter of law, but will also compel them to deal honestly and fairly with this court.

In the case of *Perteet v. People,* 70 Ill. 171, wherein the defendant was charged with murder, found guilty and subsequently executed for said crime, our supreme court says: (p. 176) ''There is a marked distinction, in many respects between the English practice and our own in criminal cases. The rigor of the English law at an early day, led humane judges to resort to technical rules to save the life of a criminal who was on trial for stealing the value of a few shillings,

---

[1] 52 Mich. 288.—Ed.

who was denied the right of counsel or the attendance of witnesses to vindicate his innocence. Under our laws a criminal stands in entirely a different attitude. He has a right to a speedy trial before a jury and court that are free from bias or prejudice. The laws of the land furnish him able counsel for his defense, whether he has money or not. The process of the court is at his command to compel the attendance of witnesses. In fact, our laws afford every facility for one charged with crime to obtain a fair and speedy trial. This being the case, many of the technical rules of the English practice are not in use under ours."

In the case of *The People v. Scates,* 3 Scam. 351, the court says: "It is said, that a prisoner, in a capital case, is standing upon all his rights, and can waive none of them, nor his counsel for him, and reference is made to *Normaque v. People,* Breese, 111, in support of this position. This case means nothing more than this: That a prisoner in a capital case is not to be presumed to waive any of his rights; but that he may, by express consent, admit them all away, can be neither doubted nor denied. He may certainly plead guilty, and thus deprive himself of one of the most valuable rights secured to the citizen, that of a trial by jury. If he can expressly admit away the whole case, then it follows that he can admit away a part of it, but will not be presumed to have done so. The consent must be expressly shown, and this is the whole scope of the doctrine of the case referred to." To the same effect are the cases of *McKinney v. People,* 2 Gilm. 540, 556; *Chase v. People,* 40 Ill. 352; and *Bulliner v. People,* 95 Ill. 394.

And in a recent case, *Sahlinger v. People,* 102 Ill. 241; the court says: "The constitutional right of a prisoner to appear and defend in person and by counsel to demand the nature and cause of the accusation, to meet the witnesses face to face was conferred for the protection and the benefit of one accused of a crime, but, like many other rights, no reason is perceived why it may not be waived by the prisoner. He may, if he sees proper, waive any trial, and plead guilty to an indictment. If he may do this, he may waive the right to

cross-examine a witness, or to be present when his case is argued to the jury, or when the verdict is received.  *   *   *
He can not be permitted to take advantage of his own wrong
and thus defeat the ends of justice.''

Upon principle and what I believe to be the weight of authority, I am of the opinion that the defendants' waiver of
their right to a trial by jury is both legally and morally binding upon them.

The motion to vacate the finding and judgment is denied.

### NOTE.

See the contrary decision of Judge McAllister on an application
for habeas corpus (*People ex rel. v. Hanchett*, reported in this volume.)—Ed.