## SIMMONS v. THE STATE.

1. The evidence not being sufficient to show that the plaintiff in error was guilty of the offense of playing and betting for money or other valuable thing, the conviction can not be sustained.
2. Where an accusation under which one was tried and found not guilty was void because it did not charge him with the commission of any offense, the accused was not in jeopardy; and on a subsequent trial under an accusation which did legally charge him with the same offense, it was not error to instruct the jury that the former accusation was a nullity and that they should not consider the same.

Argued December 5, 1898.— Decided January 31, 1899.

Accusation of gaming. Before Judge Hammond. City court of Griffin. October 13, 1898.

*Thomas W. Thurman,* for plaintiff in error.
*J. D. Boyd, solicitor,* contra.

LITTLE, J. On the 12th of September, 1898, the plaintiff in error was tried in the city court of Griffin for the offense of gaming. The jury returned a verdict of guilty. He made a motion for a new trial, which was refused by the court; and to that refusal he excepted, and assigns error on several grounds set out in the motion. These grounds when considered together really present but two questions: (1) Is the verdict contrary to law and the evidence in the case? (2) Did the court err in ruling that the plaintiff in error was not put in jeopardy on a trial for the same offense under an accusation previously preferred? It appears in the record, that on the 23d of July, 1897, an accusation was preferred against the plaintiff in error, in the following words: "R. S. Ison in the name and behalf of the citizens of Georgia, upon his oath as appears by the above and foregoing affidavit, charges and accuses Bob Jordan and Lucius Simmons, of the county and State aforesaid, with the offence of misdemeanor; for that the said Bob Jordan, on the 18th day of July, in the year 1897, in the county aforesaid, did then and there unlawfully play and bet at a game played with cards for money and other things of value, contrary to the laws of said State, the good order, peace, and dignity thereof." It appears that there was a trial of the plaintiff in error under this accusation, and that the jury returned a verdict of not guilty. On the trial under the present accusation he filed a plea of former acquittal, and introduced the first accusation and the affidavit on which it was founded, as evidence of such former acquittal. In his charge, the judge instructed the jury that the trial under said first accusation and the verdict as set out in the plea of former acquittal was a nullity, and that the jury should not consider the same. The evidence upon which the plaintiff in error was found guilty was to the following effect: On Sunday evening a crowd of negroes were assembled at a room in Griffin. When discovered they were sitting around a table where there were some playing-cards and some pasteboard cards or chips; none of the witnesses saw any playing or money; one of the crowd told the policemen that they were playing for

milk-shakes. This was said in the presence of the defendant, and possibly he said so; another witness testified that the crowd had chipped in and made up about eighty cents and paid it to George Hunter for some milk-shakes, that Hunter put the money in his pocket, and the crowd was playing for the milk-shakes; the plaintiff in error chipped in with the others. The owner of the room testified that, when the police came, plaintiff in error had paid him for the milk-shake for himself, and he was either just making it or had made it when the officer came in and arrested the crowd; that he had the money for the milk-shakes that was made up by the crowd in his pocket; that the crowd were playing for this money with the understanding that the man winning would take it and set up the crowd to milk-shakes. This concluded the evidence for the State, besides an admission that both cases were for the same transaction.

We do not think this evidence warranted a verdict of guilty. It does not show directly that the accused was engaged in playing cards on that occasion, and it is difficult for us to say, from the very meager report of the evidence, that even if he had been, he would have been guilty of playing cards for money or other valuable thing. The strongest evidence for the State is to the effect that of the crowd which was playing each contributed a sufficient amount of money to pay for the number of milk-shakes (whatever they may be) necessary to furnish each with one of the beverages, and that, at the time they were playing, this money had been collected and paid over to the owner of the house with the understanding that the man winning would take it and set up the crowd to the milk-shakes. If this be true, then each one of the crowd was paying for his own milk-shake, and nobody was winner and nobody loser. It is hardly probable that this version of the game that was played was true, but it is the testimony found in the record without contradiction, and of course we are to be governed strictly by the case as it is made in the record, and we can not say that such a game constitutes playing and betting for money or other valuable thing. The evidence is not, in our opinion, sufficient to sustain the verdict of guilty.

It is apparent that the accusation upon which the plaintiff

in error was first tried did not charge him with any offense. It is true that the prosecutor, in the name and behalf of the people of Georgia, charged and accused Bob Jordan and Lucius Simmons with the "offence of misdemeanor." This of itself would not have been a sufficient charge to have put either of the persons named on trial, because these words, without more, do not charge either of them with any violation of the laws of this State. After thus alleging the misdemeanor, the accusation proceeds, "for that the said Bob Jordan, on the 18th day of July, in the county aforesaid, did unlawfully play and bet," etc. So that the accusation, both in law and in fact, charged only Bob Jordan with the offense of playing and betting, and the jury trying Lucius Simmons properly returned a verdict of not guilty, as no evidence could have legally been admitted against him under this accusation. The constitution of this State provides that no person shall be put in jeopardy of life or liberty more than once for the same offense, save on his motion, etc. It is a well-settled principle, in affording protection to defendants under this provision of the constitution, that if the indictment is so defective as to be a good cause for arresting the judgment, there is no jeopardy. *Jones* v. *State*, 55 *Ga.* 625; *Reynolds* v. *State*, 3 *Ga.* 53; 1 Bish. Crim. Law, § 1021. We are referred to two cases as ruling that such an accusation was sufficient to put the defendant in jeopardy. The first is that of *Jordan* v. *State*, 60 *Ga.* 656. It appears in that case that the indictment was in the usual form and charged Jordan alone with an offense in the formal part, and it concluded thus: "For that the said ———— in the county aforesaid on the 10th day of July, 1877, did," etc., giving the details of the charge. So there was but one person indicted. He was charged with a specific offense. In giving the details of that charge, his name was not repeated, but he was referred to as the "said ————". The court ruled that an indictment which names the defendant but afterwards in charging the offense leaves a blank instead of renaming him is not good in arrest. The other case is that of *Price* v. *State*, 67 *Ga.* 723. There the court made the same ruling as was made in the case of *Jordan*, supra. These cases are clearly distinguishable from

the one at bar. Here the formal part of the accusation set out that two persons were guilty of a misdemeanor, and following that, it only charged one of them with doing acts which constitute a violation of the criminal laws of this State, and made no reference to the other in any way. If both names had been subsequently left blank, the cases cited perhaps would have been applicable; but having charged two persons, the accusation proceeds to set up that acts which constituted the offense were done only by one of them. The principle ruled in the two cases referred to has been carried to its utmost limit, and should not be extended. But they do not control the present case. In our judgment the first accusation was void, and any judgment rendered against the defendant thereon should have been arrested. This being true, the plaintiff in error was never in jeopardy under that accusation, and his plea of former acquittal was not sustained by an inspection of the record, nor by the facts of the case. Not having been in jeopardy, he was properly put on trial under the present accusation, and the verdict of guilty if founded on sufficient evidence would have been sustained. *Judgment reversed. All the Justices concurring.*