Shurtleff v. Chase County.

G. W. Shurtleff v. The Board of County Com-
missoners of Chase County, Kansas.

No. 12,509.   ( 66 Pac. 654.)

SYLLABUS BY THE COURT.

1. Highways—*Erroneous Judgment for Damages—Jurisdic-
tion.*   A mortgage given by H. to S. had been foreclosed, but
before sale proceedings to lay out a road over the land had been
commenced, and the viewers had received and allowed H.'s claim
for his damages to the land occasioned by the location of the
road, which claim was allowed by the board of county commis-
sioners.   S. did not at any stage of the proceedings file any claim
for damages.   After the allowance of damages to H. by the
commissioners, S. filed his notice of appeal therefrom to the dis-
trict court and gave bond.   Upon the hearing, the county attor-
ney confessed judgment in behalf of S. against the county.   *Held,*
that the court did not err in setting aside such judgment upon
the motion of the county commissioners, because the same was
not only irregularly obtained but was a nullity.

2. ———— *Parties—Right of Appeal.*   Under the statute, only
the one aggrieved by a decision of the county commissioners can
appeal therefrom, and, as in this case S. was not interested in
the amount of damages allowed to H., he could not appeal, and
his attempt so to do conferred no jurisdiction on the district court
to hear and determine anything.

3. ————*Confession of Judgment by County Attorney.*   The
county attorney could not confer jurisdiction on the district court
by appearing and confessing judgment in favor of S. in such pro-
ceeding, for the reason that S. could not appeal; and for the fur-
ther reason that S., never having filed any claim for damages,
had no claim before the court on which it could award judgment.

Error from Chase district court;  W. A. Randolph,
judge.   Opinion filed November 9, 1901.   Division
two.   Affirmed.

*Madden Bros.*, for plaintiff in error.
*Cochran & Butler*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: On the 13th day of April, 1896, a petition in due form for the location of a road in Chase county was presented to the county commissioners and they made the necessary order for publication of the required notice and appointed viewers as required by statute. These viewers performed their duty in viewing the road and receiving claims for damages by reason of its location on the 20th day of May, 1896, and, among others, awarded to one J. R. Horner damages occasioned by such location. On July 6 the matter of this award to Horner came before the county commissioners for consideration and damages to a certain amount were awarded to him by them.

On the 9th day of November, 1895, plaintiff in error, in an action in the Chase county district court, obtained a judgment against the said J. R. Horner on a note given by him and for the foreclosure of a mortgage on the land, for damage to which Horner had been awarded compensation. On the 22d day of May, 1896, an order of sale on such judgment was issued, and on June 30 the land was sold to the plaintiff. On July 3, 1896, this sale was confirmed, and on July 6 a deed was made by the sheriff to the plaintiff for the land.

At no time did Shurtleff file any claim either before the viewers or before the county commissioners for damages done to him by reason of locating the road across this land. He did, however, on July 13, 1896, file with the county clerk a notice of appeal from this order awarding damages to Horner, and in such notice set out the facts relative to his mortgage and foreclosure thereof as hereinbefore recited, and at the

same time filed his bond in appeal.   Nothing further
was done in the matter until November 9, 1896, which
was the first day of the November, 1896, term of the
district court of Chase county, when the notice of
appeal herein referred to, as well as copies of all
papers relating to the establishment of the road, and
copies of all orders made by the board of county com-
missioners relative thereto, were filed in the office of
the clerk of the district court, and at the same time
the attorney for plaintiff ·and the county attorney
appeared before the court and, without any proof
being introduced or any further pleadings· being
filed, the county attorney confessed judgment in favor
of the plaintiff and against the county commissioners
for the sum of $400.   On November 22, 1896, the
commissioners, through an attorney employed for
that purpose, filed their motion to set aside the judg-
ment.   This motion came on to be heard by the court
on July 1, 1897, and, after the hearing of evidence in
support of it, the judgment was set aside and vacated.
To reverse this order, this proceeding in error is prose-
cuted.

The motion to set aside this judgment was, per-
haps, not sustained on any of the grounds set out in
section 568 of the civil code (Gen. Stat. 1901, § 5054),
authorizing the district court to vacate or modify its
own judgments at or after the term at which the same
were made, although we think it might have been
sustained for the reason that it was irregularly ob-
tained.   It attacks the judgment principally for the
reason that no cause of action was shown by the pa-
pers in favor of the plaintiff and against the county.
It is urged, first, that, under many decisions of this
court, Horner, and not Shurtleff, had the right to
the damages arising from the location of the road ;

and, second, that, Shurtleff never having filed any claim for damages, neither the board of county commissioners nor the district court on appeal had any jurisdiction to award him damages, and that such appeal was not sufficient to sustain the judgment rendered.     Without discussing the first question, we base our judgment herein upon the considerations arising on the second.

Section 5 of the act relative to roads and highways (Gen. Stat. 1901, § 6020) provides that the road-viewers shall not assess or award damages occasioned by the opening of a road to any persons unless they or their agents, having been duly notified, shall file a written application setting out the amount of the damages claimed.     This application must be filed at the time of the hearing.     It is further provided that, in case the persons damaged have not received notice of the view of the road as provided by law, they may have twelve months after the location of the road to file their applications for damages with the commissioners.

In this case, at the time of the view, Horner was the owner of the premises in question and presumably in possession thereof.     As such owner, it may well be supposed that he suffered damages by reason of the location of the road ; at any rate, he filed with the viewers his claim for damages.     This claim was allowed in part by them and was the one finally passed on by the commissioners.     Plaintiff never asked either viewers or commissioners to pass on his claim, and, in the absence of such request, legally preferred, they had no jurisdiction either to allow or reject.     No order was made anywise affecting his claim.     It is suggested that, under the decisions of this court, he had no legal claim in any event.     Whether or not he

had, we do not say.  It is enough to say that he never preferred any.   His proceeding purports to be, and is, if it is anything, an appeal from an order awarding damages to Horner.   He was not interested in the amount of damages which Horner should receive ; nor was he authorized by statute to appeal from an order, except one affecting his own interest.   He assumes to appeal, not from an order awarding or refusing him damages, but from an order awarding damages to Horner.

This appeal was taken under the provisions of section 1640, General Statutes of 1901, which provides that "any person who shall be aggrieved by any decision of the board of commissioners may appeal," etc. In order to entitle one to appeal, he must be aggrieved. One a stranger to an order, and not affected by it, may not interfere.   That Shurtleff became the owner of the land on July 6, the date of his deed, or even on June 30, the date of the sale, did not give him the right to complain or feel aggrieved because the county commissioners allowed damages to Horner, who was the owner at the time of the view.   This statute gives Shurtleff no right of appeal from this order in Horner's favor, and, having no such right, it is clear that by such appeal there was no question presented to the district court which would challenge the exercise of its jurisdiction ; and the papers filed in the office of the clerk of the district court, showing all these facts as they did, showed clearly that there was nothing before the court authorizing it to render judgment in Shurtleff's favor.   This being so, the judgment which it rendered was a nullity, and could be set aside upon motion of any interested party at the time.

In considering the motion to set aside and vacate a judgment for the purpose of ascertaining whether

any issue had been presented authorizing the rendition of a judgment, the court had a right to look into the papers of the case, and if by such inspection it found that they did not state sufficient facts to warrant the judgment, it became its duty to set aside and vacate it. (*Gille v. Emmons*, 58 Kan. 118, 48 Pac. 569, 62 Am. St. Rep. 609.)

Plaintiff in error contends that even if the papers filed in the district court showed no right in Shurtleff to recover, yet the county attorney might waive this, and the fact that he did go in and confess judgment was such a waiver. We cannot assent to this claim. It may well be questioned whether the county attorney might, in the absence of direct authority therefor from the county commissioners, confess judgment, even in a case where a cause of action was stated, but, without so deciding, we are clear that a county attorney cannot, by his confession, waive the lack of all statement of a cause of action, and waive the filing of a claim which the statute has made a prerequisite for the allowance of anything. He cannot by such confession confer jurisdiction on the district court to adjudicate a matter as though such matter were before it when it was not.

The district court did not err in setting aside the judgment, and its order will be affirmed.

Doster, C.J., concurring.

Pollock, J. (concurring specially) : The order of the trial court in sustaining the motion of the county board and vacating the judgment entered in favor of Shurtleff by confession of the county attorney, without any express authority from the board of county commissioners, in a proceeding upon appeal in which Shurtleff was not a party, if reviewable by this court

in this present proceeding, was eminently correct and should be affirmed ; hence, I concur in the conclusion reached by the court upon a review of the case. However, in my opinion, the proper order to be made by this court in this proceeding is an order of dismissal for want of jurisdiction, and not the order of affirmance made.

The order of the trial court complained of is an order setting aside a judgment entered upon confession by the county attorney without trial.   In the entry of this judgment no issue of law or fact was tendered to the trial court for determination, and it determined none.   That such an order is not subject to review in this court, under the provisions of our code, until final judgment in the action or proceeding in which it is made, seems, to my mind, to be not only clearly apparent from the provisions of the code conferring jurisdiction on this court to review the proceedings of a district court in civil cases, but also to be conclusively settled, at least in principle, by the decisions of this court.

The code, section 542 (Gen. Stat. 1901, § 5019), provides :

"The supreme court may reverse, vacate and modify a judgment of the district court  .  .  .  for errors appearing on the record ; and in the reversal of such judgment or order may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof.   The supreme court may also reverse, vacate or modify any of the following orders of the district court  .  .  .  or a judge thereof  .  .  .  : 1.   A final order.   2.   An order that grants or refuses a continuance ; discharges, vacates or modifies a provisional remedy ; or grants, refuses, vacates or modifies an injunction ; that grants or refuses a new trial ; or that confirms or refuses to confirm the report of a

referee, or that sustains or overrules a demurrer. 3. An order that involves the merits of an action, or some part thereof. . . . "

In *McCulloch v. Dodge*, 8 Kan. 477, this court held :

"An order of the district court setting aside a judgment rendered on a default and allowing the defendants to answer to the petition of the plaintiffs is not such an order as may be reviewed by the supreme court while the suit is still pending in the district court."

In *Kermeyer v. K. P. Rly. Co.*, 18 Kan. 215, it was held :

"An order of the district court vacating a judgment rendered on a default is not such an order as may be reviewed by the supreme court, while the suit is still pending in the district court."

In *Flint v. Noyes*, 27 Kan. 351, it was held :

"As the order of the district court simply opened up the judgment and the default, and allowed the defendant to answer so that the merits of the case might be heard and considered, and the case disposed of upon its merits, such order is not reviewable by this court."

In *List v. Jockheck*, 45 Kan. 349, 27 Pac. 184, it was held :

"Where, under ¶ ¶ 4669 and 4671 of the General Statutes of 1889, a petition is filed to vacate a judgment, and the court makes an order vacating the judgment temporarily, such order is not final, and error will not lie therefrom."

·If the judgment in this case was voidable for irregularity in obtaining the same, it was properly vacated upon motion, under clause 3 of section 5054, General Statutes of 1901, and the above decision is controlling. If absolutely void, as determined by the foregoing opinion, the same was properly vacated upon motion

at any time.   In no event will error lie to this court to review this order until a final determination of the case in the district court.   The proceeding in error should be dismissed.