STATE, EX REL. WEBB, *v.* STOCKWELL ET AL.

[No. 3,600.   Filed March 19, 1902.]

GUARDIAN AND WARD.—*Action Against Guardian for Conversion.—Pleading.*—In an action by a ward against his former guardian and sureties for conversion, an answer that the guardian fully and properly accounted for and paid out all the money received by him as such guardian is insufficient, where it was not alleged

that the payment was made to the ward, or accounted for to the proper court, the averment that it was properly accounted for being a mere conclusion.  *pp. 531-533.*

GUARDIAN AND WARD.—*Settlement and Discharge.—Action on Guardian's Bond.*—Where upon the petition of guardian the court directed that the guardian be given credit with the balance in his hands for the board and care of his ward and that he be discharged from his trust, the ward not being represented in such proceeding by guardian *ad litem*, or otherwise, such proceeding and order did not constitute a settlement between the guardian and ward, and, upon attaining his majority, the ward can maintain an action on the guardian's bond, notwithstanding such order of discharge. *pp. 533-535.*

SAME.—*Action on Guardian's Bond.—Conversion.—Set-Off.*—In an action by a ward on his former guardian's bond for conversion, charging that the guardian fraudulently obtained his discharge, the sureties cannot set off a claim for services rendered by the guardian, since, if the guardian was guilty of conversion, he was not entitled to compensation, and if the order of discharge proved to be valid, no cause for set-off would exist. *p. 535.*

From Monroe Circuit Court;  *W. H. Martin,* Judge.

Action by the State on the relation of Arthur Webb against John S. Stockwell, guardian, and others as sureties on his bond.  From a judgment in favor of defendants, relator appeals.  *Reversed.*

*J. R. East* and *R. H. East,* for appellant.

*R. W. Miers, E. Corr, R. A. Fulk, T. J. Sare, H. A. Lee* and *L. M. Grimes,* for appellees.

COMSTOCK, C. J.—Arthur Webb, the relator, on his attaining the age of twenty-one years, instituted this suit against appellee John S. Stockwell, his former guardian, and the other appellees, sureties on two separate bonds. The complaint is in two paragraphs.  The bonds are made part of each by exhibit.  The first alleges that Stockwell was guardian of relator in 1889, when there came into his hands as such guardian the sum of $364, and which he converted to his own use; that the relator became twenty-one years of age in May, 1899.  The second alleges that the defendant, Stockwell, was appointed guardian of relator in July, 1886, and gave bond, with appellees Rogers, Rose,

and Sluss as sureties; that in April, 1889, said guardian entered into an additional bond, with appellees Wooden and Cox as sureties. It is alleged that on the 2nd day of January, 1892, said guardian had in his hands $600 of moneys belonging to the relator, who was then a minor, and that his guardian at that time made a pretended final report as follows: "Said guardian would show to the court that the said ward is fourteen years of age, and is residing with his guardian, who is schooling him, as a member of his family. He therefore asks that all money on hand be turned over to said guardian and be taken out of court, as all of said money and much more will be required to clothe, board, and school his said ward. Balance $333.45. And the court, having seen and examined said report, approves the same; and it is ordered that for the care and support of his ward heretofore given said guardian have credit for the balance now in his hands, to wit, $333.45, and that he be, and is, fully and finally discharged from said trust."

It is further averred that the order of final settlement was fraudulent and void for the reason that the order was made without any application for it; that the guardian had no money due him for the support of his ward, and had not furnished him any support or schooling; that the ward was in the family of the guardian as a member of his family, and that no charges were to be made for his support; that since the making of said report the guardian had furnished his ward no support, and the order was placed on record without the knowledge of the court, the relator, or any one else interested in his behalf; and that prior to the making of said order the guardian had converted the sum of $500, belonging to his ward, to his own use. The relator asked that the judgment be declared void, and for judgment for $700. Defendant Stockwell was defaulted. As to the other defendants the cause was put at issue by answers and replies thereto. A trial resulted in a finding and judgment in favor of appellees. We will consider the grounds upon

which a reversal is asked in the order in which they are discussed in appellant's brief.

The court overruled a demurrer for want of facts to the third, fourth, fifth, and sixth paragraphs, respectively, of the separate answer of Wooden and Cox. It is claimed that in each of these rulings the court erred. The third paragraph avers that before the commencement of the action said guardian fully and properly accounted for and paid out all the money that came into his hands as such guardian. This paragraph fails to allege the payment of the money to the ward, or that it was accounted for to the proper court. The averment that it was properly accounted for is a mere conclusion.

The fourth paragraph admits the execution of the bond sued on, as exhibit B, on the 27th of April, 1889; that at said time the relator was of the age of twelve years; that from the year 1885 until 1892, he lived and boarded with said guardian; that said guardian clothed him and furnished him all necessaries during said years; that there came into said guardian's hands only the sum of $324, with which sum he charged himself, and with $40 interest thereon; that said ward had no parents able or willing to furnish him support, clothe and educate him, and that the guardian had but little means; that on January 2, 1892, said guardian filed his final report in the Monroe Circuit Court, where said guardianship was pending, in which he asked that he be allowed the balance, after deducting other legitimate charges in his hands, as compensation for boarding, clothing, and educating said ward, to the amount of $333.45; that the judge of the court, having full knowledge of all the facts concerning the relation of said ward and guardian, directed said allowance to be made, and caused to be spread upon the records of said court the following order: "And the court, having seen and examined said report, approves the same; and it is ordered that, for the care and support of said ward heretofore given, said guardian have credit for

the balance now in his hands, to wit, $333.45, and that he be, and is fully and finally discharged from said trust."

The complaint alleges that the order of court discharging appellee was obtained by fraud, for the following, among other reasons, to wit: The guardian did not at the time of said judgment, or prior thereto, have any amount due him for the support of said ward, and had not in any way furnished him any support or schooling; that the ward was a member of the guardian's family, and no charges were to be made for his support; that since the making of said final report the guardian has furnished the relator no support whatever; that the order was placed on the record without the knowledge of the court or the relator or any one else in his behalf. It asks that the order be declared null and void. The complaint is a direct attack upon the order. The answer that is made to this does not deny its specific allegations, but pleads the discharge of the guardian when his ward was only fourteen years of age, and had no notice of the settlement, and was not represented by guardian *ad litem* or otherwise.

The rights of an infant are no more to be concluded by proceedings in court, of which he has no notice, and in which he is not represented, than are those of an adult.

The record of the court, as set out in the complaint, is as follows: "Said guardian would show to the court that the said ward is fourteen years of age, and is residing with his guardian, who is schooling him, as a member of his family. He therefore asks that all money on hand be turned over to said guardian and be taken out of court, as all of said money and much more will be required to board, clothe, and school his said ward. Balance $333.45." It was upon this petition, so far as appears from the record, that the court directed that the guardian be given credit for the balance in his hands, and that he be discharged from his said trust.

There is nothing in the petition to support the order.

The rule that a judgment of a court must be sustained by the pleading is well recognized. *Silvey* v. *Neary*, 59 Cal. 97; *Flores* v. *Smith*, 66 Tex. 115, 18 S. W. 224; *Lester* v. *Cloud*, 67 Ga. 770.

This settlement and order left the relator without a guardian, and without any estate, in a proceeding of which he had not notice and was not represented. This settlement was in no just sense a settlement between the guardian and the ward, and he had the right, upon attaining his majority, to a settlement of his accounts notwithstanding said order of discharge. *State ex rel.* v. *Burkam*, 23 Ind. App. 271. The demurrer should have been sustained.

The said fifth paragraph avers that the guardian, during the time that he managed the funds of his said ward in his hands, performed services in the management of his ward's estate of the value of $100, for which he has never received any compensation, which said sum defendant offered to set off against any sum found due the relator. Each paragraph of the complaint charges conversion by the guardian. The second, also, charges fraud in obtaining his discharge. Under the facts alleged, the guardian is entitled to no compensation for services. If the guardian is shown to be guilty of conversion, as charged, he is entitled to no compensation, nor in such event could his sureties set up a claim therefor. If the complaint is not found to be true, the order of discharge is final, and no occasion for the set-off exists. See Woerner's Law of Guardianship, §106; *Stanett* v. *Jameson*, 29 Me. 504; *Bond* v. *Lockwood*, 33 Ill. 212; *Reed* v. *Ryburn*, 23 Ark. 47.

The said sixth paragraph contains the averments as to services of the guardian for which he had received no compensation, set out in the fifth, but somewhat more fully, together with a claim for boarding and clothing the ward. It is pleaded as a set-off. It is bad for the same reason given as to said fifth paragraph.

It is also contended that the court erred in overruling ap-

pellant's demurrer to each of the second, third, fourth, fifth, and sixth paragraphs, respectively, of the separate answer of Rogers, Rose, and Sluss. Said second paragraph avers, in general terms, that the guardian made a report to the Monroe Circuit Court in which he fully accounted for all moneys coming into his hands, and that the same was approved, and he was discharged from said trust. It is not an answer to the fraud and conversion charged in the complaint.

Said third, fourth, fifth, and sixth paragraphs are identical with the third, fourth, fifth, and sixth paragraphs of the separate answers of Wooden and Cox. What we have said of the former applies to the latter. It is unnecessary to consider the ruling of the court upon the motion for a new trial.

The judgment is reversed, with instructions to the trial court to sustain the demurrers to the third, fourth, fifth, and sixth paragraphs of the separate answer of Wooden and Cox, and to the second, third, fourth, fifth and sixth paragraphs of the separate answer of Rogers, Rose and Sluss.