## TOWN OF NEWCASTLE v. SMITH, ET AL.
### (No. 1026; Decided March 14, 1922; 205 Pac. 302)

CONDEMNATION—PROCEEDINGS FOR CHANGE OF WATER PERMIT TO PRE-
FERRED USE—EMINENT DOMAIN—JUDGMENT OUTSIDE THE ISSUES—
JUDGMENT BY DEFAULT.

1. A petition in a proceeding to change water permits from a
   beneficial to a preferred use cannot be the basis of taking
   from the holders of such permits anything more than their
   claims, if any, to said permits and the settling of possible
   rights that might be injuriously affected by the transfer of
   the permits and the change of use thereunder.
2. An action to change water permits from a beneficial to a
   preferred use for municipal purposes is not a condemna-
   tion proceeding such as authorized by Section 833, C. S.
   1920.
3. Defendants default in a proceeding to change water permits
   from a beneficial to a preferred use admits no more than the
   allegations of the petition.
4. A judgment or decree which is entirely outside the issues
   in the record is invalid.
5. A judgment on defendants' failure to appear or answer is a
   judgment by default and not by consent, no fact of con-
   sent appearing from any recital prior thereto, though an
   order made more than a year after a judgment denying de-
   fendants' motion to vacate a portion thereof stated that
   the judgment was entered "largely on the consent of the
   parties thereto."

Proceedings by the Town of Newcastle, a municipal cor-
poration against Henry F. Smith and numerous other de-
fendants in the nature of condemnation, but for the pur-
pose of changing certain water permits from beneficial
to a preferred use for municipal purposes. There was a
judgment for plaintiff and from an order denying a motion
to modify or vacate the judgment, defendants appeal.

*Diefenderfer* and *Wakeman,* for appellants.

The petition and notice were alike defective and insuf-
ficient to authorize a judgment of condemnation; the same
is true of the certificate of the appraisers or commissioners
and the order of confirmation of the appraiser's report;

the judgment complained of was not entered by consent and even if it had been, the portion thereof objected to was void as being entirely outside the issues and not admitted even by default of defendants, the court being without jurisdiction with respect thereto; the procedure for vacation of a final order entered without jurisdiction of the court is by motion. (1 Black on Judgments, Section 303, 307, 318. 15 R. C. L. 692, 23 Cyc. 905; 60 A. S. R. 633 Note, (pp. 642-644); Barker v. City of Seattle, (Wash.) 166 P. 1143.) The proceeding was one of default; condemnation was attempted under Chapter 260, C. S. 1910. (City v. Edwards, 22 Wyo. 401; 143 Pac. 356.) The petition did not contain the essentials required by section 3836, C. S. 1910 which left the court without jurisdiction. (20 C. J. 881.) The notice was fatally defective, (20 C. J. 934); the petition was insufficient to confer jurisdiction. (20 C. J. 753; 3836 C. S. 1910; City of Helena v. Rogan, (Mont.) 68 Pac. 798.) The petition fails to name the owner of land; necessity for appropriation; names of persons claiming an interest; that all persons interested. are named; that the action was conducted by the town attorney; it does not pray for the appropriation of proper rights as required by section 3836, C. S. 1910. The certificate of commissioners was void as it contained no description of lands taken or affected. The order of confirmation was also void for the same reason. (City of Helena v. Rogan, supra. (Comesky v. Suffern, 72 N. E. 320.) A default proceeding must follow the statute. (23 Cyc. 740.) Even if the order of confirmation was entered by consent the court was without jurisdiction in view of the defects in the petition; condemnation rests solely upon constitutional or legislative provision. (20 C. J. 872. Henry v. Railroad Co., 42 N. E. 744; In Re Yonkers, 23 N. E. 661 (N. Y.); Meriden v. Zwaln, 91 Atl. 439; Water Company v. Watson, 52 Atl. 947; 53 Atl. 57.) A judgment outside the issues is void. (Metcalf v. Hart, 3 Wyo. 513.) Even if a cause of action was stated it is

questionable whether the city attorney could consent to a decree without a showing of authority from the municipality but it is clear that it could not waive the lack of sufficient statement. (Shurtleff v. Board of Commissioners, 66 Pac. 654.) The proceeding is one of default rather than of consent and in as much as it is broader than the pleading, is to that extent void, for want of jurisdiction.

*E. E. Wakeman,* for respondent, filed no brief.

Kimball, Justice.

The appeal is from an order denying a motion to modify or vacate in part a judgment in favor of the plaintiff, the Town of Newcastle, against numerous defendants.

Prior to March 27, 1919, the defendants were notified in writing that on that day the plaintiff would file a petition ''in condemnation,'' praying that two water permits for ''flood ditches   *   *   *   diverting water from Stockade Beaver Creek be changed from a beneficial to a preferred use for municipal, domestic and transportation purposes for the benefit of   *   *   *   plaintiff; and asking for the appointment of commissioners to estimate and fix the compensation, if any, to be paid the owners and persons interested for the taking or injuriously affecting the property or rights of any person named as defendant in said petition;'' and that a hearing would be had on the day mentioned. This notice was entitled ''Notice of Filing a Petition in Condemnation.''

On March 27, the plaintiff filed its petition, alleging in substance that to secure an adequate water supply for its municipal, transportation and domestic purposes it was necessary and desired that the permits mentioned in the notice be changed from a beneficial to a preferred use; that an application for that purpose had already been made to the State Engineer, and the change approved by him and the Board of Control; that the defendants had water rights upon or along said Creek which they used

for beneficial, stock or domestic purposes; that plaintiff intended to construct certain works "for the storing of waters which are to be taken under the permits heretofore described," and for transporting said waters to the town; that the consideration to be paid defendants could not be agreed upon, and "it is absolutely necessary for the appropriation of water as herein described * * * that the water permits be changed from a beneficial to a preferred use." The prayer we quote in full, as follows:

"WHEREFORE, the plaintiff prays for the appropriation of the water in Parmelle Canyon tributary to Stockade Beaver Creek, and that permits No. 11556 and 11557 as hereinbefore described be changed from a beneficial use to a preferred use for municipal, transportation and domestic purposes; and prays for the appointment of commissioners, as by law provided; to cause an assessment to be made for the compensation to be paid, if any, to the owners or persons interested in water rights near and along said Stockade Beaver Creek."

On the day the petition was filed a hearing, presumably in accordance with section 4910, Wyo. C. S. 1920, was had, as shown by an order of the court which recites that the matter came on to be heard upon the petition of the plaintiff for appointment of commissioners to assess damages for changing said permits from a beneficial to a preferred use; that there was no appearance for any of the defendants, each of whom was declared to have been legally served with notice, and having failed to answer or claim damages, to be in default; that "many of the defendants were present in the court room and listened to the proceedings and were asked by court and counsel if any one had any suggestions to make as to who should be appointed commissioners; no suggestions being made, and the court having found from the evidence that plaintiff is a municipal corporation, and that it is necessary in order that it may supply its inhabitants and patrons with municipal, domestic and transportation waters and that said per-

mits for beneficial use be changed to preferred use," three commissioners were appointed "to settle and determine what damages, if any, the above named defendants or either of them are entitled to for the taking of said waters, described herein."

On March 28, 1919, the commissioners reported that they had met on the morning of that day; that no one claimed any damages or compensation "for any of the water taken or injuriously affected by this proceeding, and that the waters appropriated herein are as follows: "Permits·11556 and 11557 * * *, granted to E. R. Maris (one of the defendants,) which said water rights are to be changed from a beneficial to a preferred use;" that said E. R. Maris "is the only person whose waters are taken by this condemnation proceeding," and all other defendants had released "their claim for damages by reason of the said appropriation of said waters;" that the plaintiff had paid Maris in full "for the water so taken;" that, therefore, "all damages resulting from the appropriation of said water" had been settled.

Such was the state of the record prior to judgment. For the sake of brevity, we have not quoted in full the different papers to which we have referred, but we have been careful to give the substance of every recital that might possibly explain the claim made and the relief sought by the plaintiff.

On April 28, 1919, the court rendered judgment reciting the approval of the report of the commissioners, and decreeing that the plaintiff have "all rights to all waters now being taken or which may be taken under and by virtue of (said) permits," and "the priority which by said permits was granted to E. R. Maris" was "vested in the plaintiff," and said E. R. Maris declared to have no title to said permits superior or antagonistic to the rights of plaintiff. It was also decreed that "said water rights are hereby changed from a beneficial to a preferred use." And it was further recited that "it appearing that all of

the parties defendant * * * having an interest in any of the waters of said Stockade Beaver Creek have been * * * notified of the pendency of this action and given * * * opportunity to file claims for damages, and that no such claims have been filed, and that no exception has been taken to the award of the commissioners herein.''

The judgment, to this point, was seemingly intended to effect two things; first, to declare the plaintiff the owner of the permits, with all rights thereunder to divert waters of the creek in question; and, second, to change the rights from beneficial to preferred use. No objection has been raised to these provisions of the judgment, which, if valid, give the plaintiff all the relief it asked.

The judgment then continues with the following recital, viz:

''It is further ordered that all of the defendant's herein be, and they are hereby declared to have no rights to the water rights of the plaintiff hereinbefore described which are in any way superior to the rights of the plaintiff, *but that all rights owned by the said defendants are inferior to the rights of the plaintiff herein to said water and supplementary thereto,* and the said defendants have no claim for damages against the plaintiff arising from the taking of the said water or its use for the purpose herein set forth, and that the plaintiff is entitled to take and hold the said water clear and free from all incumbrances of any kind or character whatsoever.''

The appellants moved in the court below for the vacation of this portion of the judgment upon several grounds which are comprehended within the general contention it was outside the issues and beyond the jurisdiction of the court.

It is not entirely clear that the judgment should be construed to give to the plaintiff under the permits a priority over the separate, individual water rights of the defendants. Appellants, claiming that it has that effect, alleged in an affidavit filed in support of their motion below that

the water authorities of the state have so construed it. We would not say that that clause which we have italicized is not susceptible to that construction. Certainly no part of the whole paragraph was necessary to give plaintiff the relief which it was asking by the action, and unless for some reason the plaintiff was entitled to a decree establishing the priority of its permits over defendants' rights, it could not be injured by the elimination of this paragraph.

It is plain that there was no issue in the case whereunder defendants' water rights could have been condemned or subordinated to the rights under the plaintiff's permits. If the petition could for any purpose be considered a petition for condemnation, it could have been the basis of taking from defendants nothing more than their claims, if any, to said permits, and of settling possible rights that might be injuriously affected by the transfer of the permits and the change of use thereunder. We do not deem it necessary to point out the several reasons, instantly apparent, why the action could not be considered a condemnation proceeding such as is authorized by Section 833, Wyo. C. S. 1920. The defendants, by their default, admitted no more than the allegations of the petition, and the part of the judgment not supported by those allegations was unauthorized. A judgment or decree which is entirely aside the issues raised in the record is invalid. (Munday v. Vail, 34 N. J. Law, 418; Waldron v. Harvey, 54 W. Va. 608, 46 S. E. 603, 102 Am. St. Rep. 959; 1 Black on Judgments, §242.) It was said by this court in Metcalf v. Hart, 3 Wyo. 513, 520, 27 Pac. 900, 902, 31 Am. St. Rep. 122, that:

"There are some authorities to the effect that relief may be granted which is not asked for in the formal prayer for relief, but such relief must be within the issues, and the bill somewhere must show that the party is entitled to it, even where there is a prayer for general relief. Further, a judgment or decree outside of the issues is without jurisdiction and void."

In answering the motion for vacation of the portion of the judgment, the plaintiff alleged that the judgment was rendered by consent of the defendants, and the order denying the defendants' motion states among other things that the judgment was entered "largely upon the consent of the parties thereto," in that, when the action was finally heard, the defendants were in court, and the court read to them the judgment, inquiring if any one of them had any objection, whereupon one of the defendants stated that the judgment was entirely satisfactory to all of them, and might be entered by consent. This order was made more than a year after the rendition of the judgment. The judgment itself did not purport to be by consent, nor does any recital in the proceedings prior to judgment give support to that theory. The defendants had failed to appear in the action, and their default had been declared. We think it plain that we must consider the judgment as one by default or on failure to answer, and not by consent. If it were on its face a consent judgment, it is doubtful whether the portion which is attacked could be sustained, for there are authorities holding that even by consent a court is not authorized to render a judgment outside the issues. (Rosebrough v. Ansley, 35 Oh. St. 107; Lester v. Cloud, 67 Ga. 770; Shurtleff v. Board, 63 Kans. 645, 66 Pac. 654.)

The order appealed from will be reversed and the judgment of April 28, 1919, will be modified by striking therefrom the paragraph last above quoted.

POTTER, Ch. J., and BLUME, J., concur.